Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiff Neway Mengistu

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWAY MENGISTU,<br><br>    Plaintiff,<br><br>v.<br><br><br>FORESTVIEW APARTMENTS,<br>LLC, et al.<br><br>    Defendants. | CASE NO.: 2:19-cv-05118-ODW-JC<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**<br><br>**Final Pretrial Conference**<br>Date: October 5, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5D<br><br>**Trial**<br>Date: November 10, 2020<br>Time: 9:00 a.m.<br>Courtroom: 5D |

- 1 –

# I.

# CLAIMS AND DEFENSES

## A.  SUMMARY OF PLAINTIFF'S CLAIMS.

Plaintiff Neway Mengistu plans to pursue the following claims:

**Claim 1:** Violation of the Fair Housing Act against Defendants Forestview Apartments, LLC and Albert Navi.

**Claim 2:** Violation of the California Fair Employment and Housing Act against Defendants Forestview Apartments, LLC and Albert Navi.

**Claim 3:** Violation of the California Unruh Civil Rights Act against Defendants Forestview Apartments, LLC and Albert Navi.

**Claim 4:** Retaliation against Defendants Forestview Apartments, LLC and Albert Navi.

Plaintiff has dismissed his fifth claim for negligence.

## B.  ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS.

**Claim 1: Elements Required to Establish Plaintiff's First Claim for Violation of the Fair Housing Act**

1. Plaintiff Neway Mengistu is handicapped within the meaning of 42 U.S.C. § 3602(h)(1); and

2. Defendants Forestview Apartments, LLC and Albert Navi engaged in any of the following acts:

    a. Discriminating in the rental, or otherwise making unavailable or denying, a dwelling to Mr. Mengistu because of a handicap of Mr. Mengistu. *See* 42 U.S.C. § 3604(f)(1).

    b. Discriminating against Mr. Mengistu in the terms, conditions, or

privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of Mr. Mengistu. *See* 42 U.S.C. § 3604(f)(2).

  c. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Mr. Mengistu equal opportunity to use and enjoy a dwelling. *See* 42 U.S.C. § 3604(f)(3)(B).

  d. Interfering with Mr. Mengistu in the exercise or enjoyment of, or on account of his having exercised or enjoyed, any right granted or protected under the Fair Housing Act. *See* 42 U.S.C. § 3617.

**Claim 2: Elements Required to Establish Plaintiff's Second Claim for Violation of the California Fair Employment and Housing Act**

1. Plaintiff Neway Mengistu has a physical disability within the meaning of Cal. Gov. Code §§ 12926(m) and 12955.3.

AND

2.a. Defendants Forestview Apartments LLC and Albert Navi are the owners of a housing accommodation;

2.b. Defendant Forestview Apartments LLC and Albert Navi discriminated against Mr. Mengistu because of his disability.

*See* Cal. Gov. C. § 12955(a).

OR

3.a. The property located at 1417 W. 106th Street, Los Angeles, California 90047 is a business establishment as defined in California Civil Code section 51;

3.b. Defendant Forestview Apartments, LLC is a manager and/or owner of the residential property located at 1417 W. 106th Street, Los Angeles, California 90047;

3.c. Defendant Albert Navi is a manager and/or owner of the residential property located at 1417 W. 106th Street, Los Angeles, California 90047;

3.d. Defendants discriminated against Mr. Mengistu on the basis of his disability.

*See* Cal. Gov. C. § 12955(d).


OR


4. Defendants Forestview Apartments, LLC and Albert Navi made unavailable or denied a dwelling to Mr. Mengistu based on discrimination because of his disability.

*See* Cal. Gov. C. § 12955(k).


Discrimination, for purposes of the California Fair Employment and Housing Act, includes a refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling. *See* Cal. Gov't Code § 12927(c)(1). A landlord has an obligation to engage in an interactive process with a tenant requesting a reasonable accommodation. *See Auburn Woods I Homeowners Ass'n. v. Fair Employment and Hous. Comm'n*, 121 Cal. App. 4th 1578, 1596 (2004).

///

///

///

**Claim 3: Elements Required to Establish Plaintiff's Third Claim for Violation of the California Unruh Civil Rights Act**

1. Defendants Forestview Apartments, LLC and Albert Navi denied, discriminated, or made a distinction that denied full and equal accommodations to Plaintiff Neway Mengistu; and

2. A substantial motiving reason for Defendants' conduct was Mr. Mengistu's disability and/or medical conditions.

*See* California Civil Code § 51.

Any person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises. A refusal to make such reasonable accommodation constitutes a denial of equal access. *See* California Civil Code § 54.1(b)(3)(B).

**Claim 4: Elements Required to Establish Plaintiffs' Fourth Claim for Retaliation**

1. Plaintiff Neway Mengistu exercised his right to request a reasonable accommodation for his disability, a right protected by the Fair Housing Act and the California Fair Employment and Housing Act;

2. Defendants Forestview Apartments, LLC and Albert Navi cancelled Mr. Mengistu's Request for Tenancy Approval and/or denied his tenancy;

3. Mr. Mengistu's request for a reasonable accommodation was a substantial motiving reason for Defendants' decision to cancel the Request for Tenancy Approval and/or denying his tenancy;

4. Mr. Mengistu was harmed; and

5. Defendants' decision to cancel Mr. Mengistu's Request for Tenancy Approval and/or to deny his tenancy was a substantial factor in causing him harm. *See* CACI 2505.

### Elements Required to Establish Plaintiffs' Claim for Punitive Damages

The Fair Housing Act authorizes punitive damages where a discriminatory housing practice has occurred or is about to occur. Plaintiff has the burden of proving by a preponderance of the evidence that Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. *See* 42 U.S.C. § 3613 (c)(1); Ninth Circuit Manual of Model Civil Jury Instructions, § 5.5.

**C. KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS.**

### Claim 1: Key Evidence in Support of Plaintiff's Claim for Violation of the Fair Housing Act

1. Plaintiff Neway Mengistu and his caregiver Everusa Zeleke will testify regarding Mr. Mengistu's handicap and his need for a reasonable accommodation.

2. Mr. Mengistu, Ms. Zeleke, and Defendant Albert Navi will testify regarding Mr. Mengistu's application for tenancy at the property, his multiple requests for a reasonable accommodation, and Defendants' failure to grant the accommodation or to engage in the interactive process.

3. Tre'Quita Smith will testify regarding HACLA's policies generally, and regarding the cancellation of the request for tenancy in this instance.

4. Mr. Mengistu and Mr. Navi will testify regarding Defendants engaging in the following acts:

   a. Discriminating in the rental, or otherwise making unavailable or

- 6 –

denying, a dwelling to Mr. Mengistu because of his handicap.

    b.    Discriminating against Mr. Mengistu in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of his handicap.

    c.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Mr. Mengistu equal opportunity to use and enjoy a dwelling.

    d.    Interfering with Mr. Mengistu in the exercise or enjoyment of, or on account of his having exercised or enjoyed, any right granted or protected under the Fair Housing Act.

5.    Mr. Mengistu will testify regarding his damages.

## Claim 2: Key Evidence in Support of Plaintiff's Claim for Violation of the California Fair Employment and Housing Act

1.    Plaintiff Neway Mengistu and his caregiver Everusa Zeleke will testify regarding his disabilities and his need for a reasonable accommodation.

2.    Mr. Mengistu, Ms. Zeleke, Defendant Albert Navi will testify regarding Plaintiff's multiple requests for a reasonable accommodation and Defendants' failure to grant the accommodation or to engage in the interactive process.

3.    Tre'Quita Smith will testify regarding HACLA's policies generally, and regarding the cancellation of the request for tenancy in this instance.

4.    Mr. Mengistu will testify regarding how Defendants discriminated against him or otherwise made unavailable or denied a dwelling to him because of his disability.

5.    Mr. Mengistu will testify regarding his damages.

## **Claim 3: Key Evidence in Support of Plaintiff's Third Claim for Violation of the California Unruh Civil Rights Act**

1. Plaintiff Neway Mengistu and his caregiver Everusa Zeleke will testify regarding his disabilities.

2. Tre'Quita Smith will testify regarding HACLA's policies generally, and regarding the cancellation of the request for tenancy in this instance.

3. Mr. Mengistu and Defendant Albert Navi will testify regarding how Defendants denied, discriminated, or made a distinction that denied full and equal accommodations to Mr. Mengistu.

4. Mr. Mengistu and Mr. Navi will testify that a substantial motiving reason for Defendants' conduct was Mr. Mengistu's disability and/or medical conditions.

## **Claim 4: Key Evidence in Support of Plaintiffs' Fourth Claim for Retaliation**

1. Plaintiff Neway Mengistu and Defendant Albert Navi will testify that Mr. Mengistu exercised his right to request a reasonable accommodation for his disability.

2. Tre'Quita Smith will testify regarding HACLA's policies generally, and regarding the cancellation of the request for tenancy in this instance.

3. Mr. Mengistu and Mr. Navi will testify regarding Defendants canceling Mr. Mengistu's Request for Tenancy Approval and/or denying his tenancy.

4. Mr. Mengistu and Mr. Navi will testify that Mr. Mengistu's request for a reasonable accommodation was a substantial motiving reason for Defendants' decision to cancel the Request for Tenancy Approval and/or denying his tenancy.

5. Mr. Mengistu will testify regarding his harm and damages.

6. Mr. Mengistu will testify how Defendants' decision to cancel Mr. Mengistu's Request for Tenancy Approval and/or to deny his tenancy was a substantial factor in causing him harm.

## D. SUMMARY OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES.

Defendants have pleaded no counterclaims.

## E. ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES.

**Defense 1: Elements Required to Establish Defendants'**
**Affirmative Defense of Statute of Limitations**

Defendants must prove that the final discriminatory act, the rejection of Mr. Mengistu's request for reasonable accommodation, occurred before June 12, 2017.

Under the FHA, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years *after the occurrence or the termination of an alleged discriminatory housing practice*." 42 U.S.C. § 3613(a)(1)(A) (emphasis added). *Dickinson v. University of N.C.*, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015). "[A] 'continuing violation' of the Fair Housing Act should be treated differently from one discrete act of discrimination." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). "Where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the limitations period] of the *last asserted occurrence* of that practice." *Id.* at 381 (emphasis added); *see also Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007) ("[i]f an employer engages in a series of separately

- 9 –

actionable intentionally discriminatory acts, then a fresh violation takes place when each act is committed.").

> Under the continuing violation doctrine, a plaintiff's complaint will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame. As a consequence, the statute of limitations only begins to run… upon the last act in a series of related wrongful acts.

*Nat'l Fair Housing Alliance v. A.G. Spanos Const., Inc.*, 542 F. Supp. 2d 1054, 1061 (N.D. Cal. 2008). "[A] systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period." *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982).

> Statutes of limitations such as that contained in § 812(a) are intended to keep stale claims out of the courts. Where the challenged violation is a continuing one, the staleness concern disappears. Petitioners' wooden application of § 812(a), which ignores the continuing nature of the alleged violation, only undermines the broad remedial intent of Congress embodied in the Act.

*Havens*, 455 U.S. at 380.

"[A]s long as the conduct has the capacity of being considered a violation, it becomes an issue for the finder of fact." *Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1147 (C.D. Cal. 2001).

> If the discrimination alleged is a single act, the statute begins to run at the time of the act. If, on the other hand, the statutory violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation.

*Perez v. Laredo Junior College*, 706 F. 2d 731, 733-34 (5th Cir. 1983); *see also City of Los Angeles v. Wells Fargo & Co.*, 22 F. Supp. 3d 1047, 1058-59 (C.D. Cal. 2014) ("Where a plaintiff challenges not merely a single incident of conduct that violates the FHA, but rather a pattern or practice of discrimination, the statute of limitations runs from

the last asserted occurrence").

## **Defense 2: Elements Required to Establish Defendants' Affirmative Defense of Failure to request Modifications to Policies, Practices, or Procedures**

"Defendants allege that Plaintiff is *unable to obtain injunctive relief* regarding changes to Defendants' policies, practices, or procedures because Plaintiff failed to plead that Plaintiff requested of Defendants any specific and reasonable modification to a policy, practice or procedure as required by relevant law to obtain such relief and/or that Defendants declined the request. *See PGA Tour, Inc. V. Martin*, 532 US 661, 683 fn.38 (2001); *Anderson v. Ross Stores*, 2000 US Dist. LEXIS 15487 (N.D. Cal. 2000)." Answer at 14:26-15:4 (emphasis added). This defense is inapplicable, as Plaintiff is not seeking injunctive relief.

In *PGA Tour v. Martin*, 532 U.S. 661 (2001), the Supreme Court ruled that petitioner's use of a golf cart that is normally prohibited during professional tour events is a reasonable modification for a professional golfer, disabled by a degenerative circulatory disorder impairing the ability to walk a golf course in a golf tournament. The Supreme Court found that such a modification would not "fundamentally alter" a tournament. *Id.* at 690.

Unlike the instant action, *PGA Tour* was an ADA case regarding reasonable modifications in a public setting pursuant to 42 U.S.C. § 12182. As the Supreme Court has observed, "[t]o effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of *public* life, among them employment (Title I of the Act) [42 U.S.C. §§ 12111–12117], *public* services (Title II) [§§ 12131–12165], and *public* accommodations (Title III) [§§ 12181–12189]." *Id.* at 675 (emphasis added). Here, Plaintiff has alleged a failure to grant a reasonable accommodation to allow him an equal opportunity to use and enjoy a private dwelling under the Fair Housing Act.

- 11 –

**F.   KEY EVIDENCE IN OPPOSITION TO DEFENDANTS' AFFIRMATIVE DEFENSES.**

### Defense 1: Key Evidence in Opposition to Defendants' Affirmative Defense of Statute of Limitations

Plaintiff Neway Mengistu and Defendant Albert Navi will testify regarding Defendants' continuing violations, *i.e.*, continuing failure to grant Mr. Mengistu's request for reasonable accommodation or engage in the interactive process, and that after months of refusing to grant the reasonable accommodation request, on June 12, 2017, Defendants, through counsel, sent a letter (Exhibit 35) to Mr. Mengistu finally, and unequivocally, denying the reasonable accommodation request.

### Defense 2: Key Evidence in Opposition to Defendants' Affirmative Defense of Failure to request Modifications to Policies, Practices, or Procedures

Because there has been no evidence revealed to Plaintiff that would support this affirmative defense, Plaintiff is unable to describe the evidence in opposition.

**G.   EVIDENTIARY ISSUES.**
None.

**H.   OTHER ISSUES.**
None.

///
///
///
///

## II.

## BIFURCATION OF ISSUES

It is Plaintiff's position that no request for bifurcation has been made and any such request at this juncture is untimely.

Defendants indicated for the first time in the Proposed Final Pretrial Conference Order that they intend to seek bifurcation of the issue of whether Plaintiff's claims are barred by the applicable statutes of limitations. This issue was not raised in either of the two Rule 26 Reports filed by defense counsel or at the Scheduling Conference. Defendants have never meet and conferred with Plaintiff regarding bifurcation of this issue.

## III.

## JURY TRIAL

All issues are triable to a Jury. Plaintiff made a timely demand for a jury trial.

## IV.

## ATTORNEYS' FEES

Recovery of attorneys' fees is permitted by statute under the Fair Housing Act, the California Fair Employment and Housing Act, and the California Disabled Persons Act.

Under the Fair Housing Act, "In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 32 U.S.C. § 1313(c)(2).

California Fair Employment and Housing Act provides "In a civil action brought under this section, the court may, at its discretion, award the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, against any party other than the state." Cal. Gov. C. § 12989.2.

The California Disabled Persons Action provides "any person or persons,

– 13 –

firm or corporation who denies or interferes with . . . enjoyment of the public facilities as specified in sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 Cal. Civ. C. § 54.3.

## V.
## ABANDONMENT OF ISSUES

Plaintiff has abandoned the following claims:

- Negligence

Defendants have abandoned the following affirmative defenses:

- Failure to Mitigate Damages
- Reasonable Portion of Facility Accessible
- Defendants' Good Faith Reliance Upon Municipal Permits/Vested Rights
- Equivalent Facilitation
- Legitimate Business Purpose
- De Minimis Deviations
- Lack of Standing for Injunctive Relief
- Standing-No Injury in Fact
- Not Readily or Likely Achievable

DATED: September 28, 2020

Respectfully submitted,
CAMPBELL & FARAHANI, LLP

/s/
By: _____
JoAnne E. Belisle, Esq.
Attorneys for Plaintiff Neway Mengistu

- 14 –